

WINSTON
& STRAWN
LLP                    NORTH AMERICA    SOUTH AMERICA    EUROPE

35 West Wacker Drive
Chicago, IL 60601-9703
+1 312-558-5600
+1 312-558-5700

**CARDELLE B. SPANGLER**
*Partner*
+1 (312) 558-5600
CSpangler@winston.com

March 31, 2026

**VIA ECF**

Hon. Arun Subramanian
United States Courthouse
500 Pearl St.
Courtroom 15A
New York, NY 10007-131

Re:    *Agard et al. v. JPMorgan Chase & Co. et al.*, Civil Action No. 1:25-cv-10434-AS

Dear Judge Subramanian,

We write on behalf of Defendants JPMorgan Chase & Co. and J.P. Morgan Securities LLC (collectively, "JPMorgan") to respectfully request that the Court stay all discovery as to Plaintiff Laura Agard ("Agard") during the pendency of Defendants' Motion to Compel Individual Arbitration and Stay Plaintiff Laura Agard's Claims (Dkt. Nos. 21-22) (hereinafter the "Motion to Compel"). Plaintiff's counsel has indicated that Plaintiff does not oppose the relief sought herein.

**Background**

On December 16, 2025, Plaintiffs Agard and Roshanna Richardson ("Richardson") commenced this action, asserting various employment-related claims. On March 12, 2026, the Court entered a Civil Case Management Plan and Scheduling Order (Dkt. No. 16, hereinafter the "Scheduling Order"), which sets forth the following discovery deadlines, among others: first requests for production of documents must be served by March 24, 2026; expert disclosures are due by July 24, 2026; interrogatories and requests to admit must be served by August 18, 2026; all depositions must be completed by September 4, 2026; and all discovery must be completed by September 18, 2026.

On March 16, 2026, JPMorgan filed the Motion to Compel pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA"). JPMorgan maintains that Agard's claims are subject to a binding arbitration agreement that she executed as a condition of her continued employment with JPMorgan and therefore must be pursued individually in arbitration. In its Motion to Compel, JPMorgan requested that the Court stay Agard's claims in this action pending arbitration, as required by Section 3 of the FAA. *See* Dkt. No. 22 at 10–11 (citing 9 U.S.C. § 3, *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002), *Smith v. Spizzirri*, 601 U.S. 472, 472 (2024)). JPMorgan simultaneously filed an Answer and Affirmative Defenses as to Richardson (Dkt. No. 23), who is not subject to binding arbitration and whose claims will thus proceed through ordinary litigation. On March 25, 2026, the Court granted the parties' joint request for an amended briefing schedule on the Motion to Compel (Dkt. No. 27), extending Agard's deadline to respond to April 27, 2026, and JPMorgan's deadline to reply to May 18, 2026.

## **Argument**

A stay of discovery as to Agard pending resolution of the Motion to Compel is appropriate and warranted for the following reasons.

The FAA's strong policy favoring arbitration and established precedent in this district support a stay. The U.S. Supreme Court has repeatedly emphasized the strong federal policy favoring arbitration, holding that courts must "rigorously enforce" arbitration agreements according to their terms. *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Indeed, the Court has held that Section 3 of the FAA "requires a court to stay the proceeding" when an issue is referrable to arbitration, and that the statute's "use of the word 'shall' 'creates an obligation impervious to judicial discretion.'" *Smith*, 601 U.S. at 476 (internal citation omitted).

Consistent with these principles, courts in this district have recognized a presumption that discovery should be stayed pending a motion to compel arbitration. While "[u]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c),"[1] a motion to stay discovery should be "evaluated differently where a motion to compel arbitration, rather than a motion to dismiss, is involved." *Paniccioli v. Northstar Source Grp. LLC*, No. 24 Civ. 9763, 2025 WL 1427007, at *1 (S.D.N.Y. May 16, 2025). As the court explained in *Paniccioli*, "[w]hen a dispositive motion would remove the litigation to another forum, good cause may require a stay," because "permitting discovery would defeat the purpose of the motion[]." *Id.* (citing *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987)). This Court further observed that "the general practice of district courts" is to impose "a stay of discovery . . . while the motion to compel arbitration [i]s pending," and that "courts generally engage in a presumption that there should be a stay of discovery pending the decision on a motion to compel arbitration." *Id.* (citing *Intertec Contracting v. Turner Steiner Int'l, S.A.,* 98 Civ. 9116, 2001 WL 812224 at *7 (S.D.N.Y. July 18, 2001)); *see also Ross v. Bank of Am., N.A. (USA)*, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (granting a stay of discovery merely because there were "threshold issues concerning arbitration").

This strong presumption in favor of a discovery stay when arbitration is implicated applies with equal force to Agard's claims here. Permitting discovery to proceed as to Agard while the Motion to Compel remains pending would undermine the very right to arbitrate that JPMorgan seeks to enforce, and that the FAA commands the Court to honor upon granting the Motion to Compel. *See* 9 U.S.C. § 3; Dkt. No. 22, at 10–11.

Further, conducting discovery as to Agard while the Motion to Compel is pending would undermine the efficiencies of arbitration and waste resources. The Scheduling Order sets various discovery-related deadlines for the parties. However, if the Court grants the Motion to Compel, Agard's claims will be submitted to individual arbitration where distinct discovery rules and obligations will apply. *See Al Thani v. Hanke*, 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) (granting a motion to stay discovery pending a motion to compel arbitration in part because, if pursued in arbitration, plaintiff's claims "would be governed by substantially different discovery rules than a case in this, or any other, federal court.") Any discovery efforts as to Agard in the

---

[1] *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,* 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009)).

interim would impose needless burdens on both the parties and the Court. Courts in this district have recognized that avoiding duplicative proceedings and preserving judicial resources are important considerations in managing cases involving arbitration. *See Tessemae's LLC v. Atlantis Cap. LLC*, No. 18-CV-4902, 2019 WL 3936964, at *8 (S.D.N.Y. Aug. 20, 2019) (considering "the degree to which the cases necessitate duplication of discovery or issue resolution" in granting a stay pending arbitration) (internal citation omitted); *Al Thani*, 2021 WL 23312, at *2 (describing that "a stay of discovery pending the decision on a threshold arbitration issue…serves to prevent duplicative and inefficient litigation.") (internal citation omitted).

A temporary stay of discovery as to Agard will not cause any party any prejudice, as the case is in its early stages and the Motion to Compel is expected to be fully briefed by May 18, 2026 and resolved expeditiously thereafter. *See e.g. Alloway v. Bowlero Corp*., 2026 WL 493952, at *3 (E.D.N.Y. Feb. 23, 2026) (holding the fact that "little to no discovery has occurred… weighs in favor of granting the stay.") Meanwhile, discovery as to Richardson's claims, which are not subject to arbitration, may proceed on the schedule set by the Court's Scheduling Order. Staying discovery only as to Agard's claims while permitting Richardson's claims to proceed on the existing schedule is a narrowly tailored approach that appropriately avoids duplication of discovery efforts. Agard's and Richardson's claims are asserted individually, and JPMorgan has already filed an Answer as to Richardson (Dkt. No. 23). There is no reason why discovery as to Richardson's claims cannot proceed while the Court resolves the threshold question of whether Agard's claims must be arbitrated. *See Oestreicher v. Equifax Info. Servs., LLC,* 2023 WL 3819378, at *2 (E.D.N.Y. June 5, 2023) (granting motion to stay discovery pending motion to compel arbitration where discovery would proceed against the plaintiffs not subject to arbitration, a fact "which mitigates the risk of unfair prejudice").

JPMorgan expressly reserves all rights to conduct discovery as to Agard. In the event the Motion to Compel is denied in whole or in part, JPMorgan respectfully requests that the Court's order make clear that the stay of discovery as to Agard does not constitute a waiver or forfeiture of any of JPMorgan's rights to conduct discovery as to Agard's claims in this action, and that applicable deadlines under the Scheduling Order shall be adjusted accordingly. If its Motion to Compel is decided in Plaintiff's favor, JPMorgan would promptly engage in any outstanding or future discovery relating to Agard's claims and would request that the Court modify the Scheduling Order to afford the parties a reasonable period to conduct such discovery, including but not limited to document requests, interrogatories, expert disclosures, and depositions.

## Conclusion

For the foregoing reasons, JPMorgan respectfully requests that the Court enter an order (1) staying all discovery as to Agard during the pendency of JPMorgan's Motion to Compel Individual Arbitration and Stay Plaintiff Laura Agard's Claims (Dkt. No. 21); and (2) preserving JPMorgan's right to conduct full discovery as to Agard's claims in the event that its Motion to Compel is denied, including any appropriate modification of deadlines under the Scheduling Order to ensure that the parties are not prejudiced by the temporary stay.

Respectfully submitted,

*By: s/ Cardelle B. Spangler*

3

Cardelle B. Spangler (*admitted pro hac vice*)
Lead Trial Counsel
Sarah N. Kreger (*admitted pro hac vice*)
WINSTON & STRAWN LLP
300 N. LaSalle St.
Chicago, IL 60654
(312) 558-5600
CSpangler@winston.com
SKreger@winston.com

*Attorneys for Defendants JPMorgan Chase & Co.
and J.P. Morgan Securities, LLC*

cc: All counsel of record (via ECF)

GRANTED. Discovery is stayed with respect to plaintiff Agard only pending resolution of the motion to compel. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 28.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 1, 2026

4